## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GATEWAY CUSTOMER SOLUTIONS, LLC,** | |
| Plaintiff, | **8:14CV353** |
| vs. | **PROTECTIVE ORDER** |
| **GC SERVICES LIMITED PARTNERSHIP,** | |
| Defendant. | |

This matter is before the court on the parties' request for a protective order. All parties to the above-captioned action recognize that information to be produced in this case is alleged to be confidential, proprietary, and/or consisting of trade secrets. The parties therefore agree that all information produced in this case shall be subject to this Protective Order. Accordingly, on the parties' agreed motion,

**IT IS ORDERED**:

1. All information, in any form, that is identified as Protected Information, as further defined herein, that is provided, produced, or exchanged in the course of this litigation shall be used solely for the purposes of preparation for trial and trial of this case and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order (hereinafter the "Order").

2. "Protected Information" as used herein means any confidential, proprietary or trade secret information, in any form or format, including but not limited to discovery responses so designated, that is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties. In designating information as "Confidential" or "Attorneys' Eyes Only" a party will make such designation only as to that information which it in good faith believes contains confidential, proprietary, and/or trade secret information. Information or material that is generally available to the public, including but not limited to advertising materials and the like, shall not be designated as Protected Information.

3. The parties agree the designation of information as "Confidential" or "Attorneys' Eyes Only" will not relieve the designating party of the burden of proving, if contested, that such information is in fact confidential, a trade secret, or otherwise entitled to legal protection.

4. Protected Information designated "Confidential" shall be disclosed only to Qualified Persons. Protected Information designated "Attorneys' Eyes Only" shall be disclosed only to (a) the attorneys of record, their associates actively working on the matter, and regular employees of the respective law firms in the ordinary course of assisting in the handling of this specific matter; and (b) in-house counsel for a corporate party.

5. "Qualified Persons" means:

- (a) Attorneys of record, their associates and regular employees of the respective law firms of record, to whom it is necessary that the material be shown for purposes of this litigation.

- (b) Each party who, prior to any disclosure of any Protected Information to such party.

- (c) Employees, officers or directors of a corporate party who are actively engaged in working on or assisting that party's attorneys in the conduct of this litigation.

- (d) Experts and consultants retained by any party to assist in the handling of this matter, who, prior to any disclosure of any Protected Information to such person, have signed a document in the form of Exhibit "A" attached hereto.

- (e) Any other person designated as a Qualified Person by Order of this Court, after notice and hearing to all parties and who has signed Exhibit "A" attached hereto.

- (f) Witnesses (other than employees or agents of receiving party) at, or being prepared for, a hearing or deposition being shown documents authored, created, received by, discussed or related to that witness who, prior to any disclosure of any Protected Information to such person, have signed a document in the form of Exhibit "A" attached hereto.

- (g) Privately employed court reporters or videographers.

- (h) The Court and court personnel.

2

6.      All parties shall maintain the original of each Exhibit "A" executed by any person to whom information is disclosed until further order of this Court. Within thirty (30) days following the conclusion of the case, counsel for a party that designated information or documents as "Confidential" or "Attorneys' Eyes Only" shall be provided by opposing counsel  a copy of each Exhibit "A" executed by each such person, upon request.

7.      Documents produced in this action may be designated by any party as Protected Information by marking such document as follows:

"CONFIDENTIAL"

or

"ATTORNEYS' EYES ONLY"

In the case of multi-page documents bound together by a staple or other permanent binding, the word "Confidential" or "Attorneys' and Experts' Eyes Only" need only be stamped on the first page of the document in order for the entire stack of bound documents to be so treated. In lieu of marking the originals of a document, the designating party may mark the copies that are produced or exchanged.

8.      Documents produced or disclosed in this action shall automatically be treated as "Confidential" for a period of five (5) business days after production to allow any party to review such documents and information and determine whether such documents or information involves confidential, proprietary and/or trade secret information.

9.      With regard to deposition testimony:

(a)     Information disclosed at (i) the deposition of a party or one of its present or former employees, agents, or independent experts retained by counsel for purposes of this litigation; or (ii) the deposition of a third party (which information pertains to a party) may be designated by any party as Protected Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' and Experts' Eyes Only" and is subject to the provisions of this Order.

(b) Any party may also designate information disclosed at a deposition as Protected Information by notifying all of the parties, in writing, within thirty (30) days after receipt of the transcript, of the specific pages and lines of the transcript which should be treated as Protected Information thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control.

(c) If during the course of a deposition, testimony is being elicited that is designated Protected Information, all persons in attendance, other than the deponent, the court reporter, and Qualified Persons will be excluded for the duration of such designated testimony.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating information as Protected Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from legitimate use of Protected Information in a deposition, a hearing, at trial, or in the examination or cross-examination of any person. If a party lists a document that is designated Protected Information on that Party's Exhibit List for trial, then that document shall thereafter be treated as Confidential. Nothing herein is intended to prevent a party in the litigation or a corporate party's designated officer under Federal Rule of Civil Procedure from viewing any document admitted as evidence at any hearing or at trial.

11. If a producing party inadvertently discloses to a receiving party any Protected Information without marking it as "Confidential" or "Attorneys' and Experts' Eyes Only," the producing party shall promptly advise the receiving party in writing, and thereafter the receiving party shall treat the information as "Confidential" or "Attorneys' and Experts' Eyes Only," as the case may be, and shall promptly so notify all persons who may have reviewed the information before the notice was received.

12. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' and Experts' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorneys' and Experts' Eyes

Only," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, either party may move the Court for a resolution.  However, any party applying for relief shall give a minimum of three (3) business days' notice, weekends excluded, of any such request for relief. No party shall be deemed to have admitted that any material designated by another party as "Confidential" or "Attorneys' and Experts' Eyes Only" constitutes confidential and/or proprietary information and/or trade secrets for purposes of any of the substantive claims and/or issues in this litigation merely because such party has not sought relief from the restrictions contained in this Protective Order.

13. The parties may, by written agreement, provide for exceptions to this Protective Order and any party may seek an order from this Court modifying this Protective Order for good cause.

14. Nothing shall be regarded as Protected Information if it is information that either:

(a)  Is demonstrated to be in the public domain at the time of disclosure;

(b)  Becomes a part of the public domain through no fault of the other party;

(c)  The receiving party can show that the information was in its rightful and lawful possession at the time of disclosure; or

(d)  The receiving party lawfully receives such information from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party and was in lawful possession of the information.

15. In the event any party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Protected Information used therein shall be filed in accordance with NECivR 5.3 and the Court's procedure and steps for filing restricted documents.

16. In the event any person or party desires to make any Protected Information part of the public record, such request shall be made before any disclosure by written motion to the Court, and all parties shall be given the opportunity to object.  If a party objects, the Court shall hold a hearing on the matter; if no party objects, the

Court may infer a lack of objection as consent and order that the requested document be incorporated into the public record without a hearing.

17. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to Protected Information shall be subject to the provisions of this Order.

18. Within sixty (60) days after the conclusion of this litigation, including all appeals, any Protected Information and all reproductions of Protected Information produced by a party, in the possession of any Qualified Person under 4(a)-4(f), shall be destroyed by the receiving party with written confirmation of same to counsel for the producing party or returned to counsel for the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. Each counsel of record for a party may retain one (1) copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "Confidential" or "Attorneys' and Experts' Eyes Only" for archival purposes only, but shall destroy or return all other copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts.

19. The production, disclosure, or use of Protected Information in accordance with this Protective Order shall not constitute a waiver of any evidentiary privileges and/or exemptions from discovery to which such information is otherwise subject.

20. Any party designating any person as a Qualified Person shall have the duty to take reasonable steps to ensure that such person observes the terms of this Protective Order.

21. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary. Either party may apply to the Court at any time for an amendment, modification, or addition to this Order. The Order shall survive the final disposition of the lawsuit, by judgment, dismissal, settlement, or otherwise.

22. The terms of this Order shall in no way affect a party's right to withhold documents or information on the grounds of privilege or immunity from discovery such

as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

23. In the event that a party seeks discovery from a nonparty to this action, any party may invoke the terms of this Order with respect to any confidential information provided to the parties by the nonparty by so agreeing in writing to be bound by all the terms and conditions of this Order.

24. All parties stipulate to the entry of this Order and this stipulation is for the Court's consideration and entry as an order. Until the court issues a signed Order, the parties agree to abide by and be bound by the terms of this stipulation upon signature hereof as if an order had been entered on that date.

25. This Order may be amended without leave of Court by agreement of outside counsel for the parties in the form of a written stipulation filed with the Court.

Dated this 17th day of December, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GATEWAY CUSTOMER SOLUTIONS, LLC,** | |
| Plaintiff, | **8:14CV353** |
| vs. | |
| **GC SERVICES LIMITED PARTNERSHIP,** | |
| Defendant. | |

## ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT

I have read and received a copy of the Protective Order applicable to Civil Action No. 8:14CV353-JFB-TDT; *Gateway Customer Solutions, LLC v. GC Services Limited Partnership;* In the United States District Court for the District of Nebraska.

2. I acknowledge receipt of materials designated "CONFIDENTIAL."

3. I understand the terms of the Protective Order and agree to be fully bound by them. I understand, in particular, that any information marked "CONFIDENTIAL" and any copies, excerpts or summaries thereof, as well as any knowledge or information derived from any of the aforementioned items, may be used only for purposes of this litigation, and may not be shared with any individual not authorized to have access as set forth in the Protective Order, and may not be used for any other purpose whatsoever.

4. I agree that, during and after the termination of this action and any related proceedings, I will hold in confidence and not disclose to anyone not qualified under the Protective Order any material disclosed to me.

5. I agree that, after my work on this case is complete, I will return and/or destroy all Protected Information I have been provided in accordance with instructions given to me in writing.

6. I further understand that failure to abide fully by the terms of the Protective Order may subject me to sanctions for contempt of court and possibly civil liability for damages and other relief arising therefrom.

Exhibit A

7.     I hereby submit to the jurisdiction of the federal district court for District of Nebraska for purposes of any proceeding relating to the enforcement of the Protective Order, including any proceeding related to contempt of Court.

8.     Notwithstanding the foregoing, nothing in this Acknowledgment and Agreement of Non-Disclosure shall prohibit me or any party from complying with any local, state, administrative or federal law or Court order but, before releasing any Confidential information provided to me, I will give the parties to this lawsuit and the Court prior written notice no less than ten (10) before I take any action inconsistent with this Court's Protective Order.

Executed this _____ day of _____, 201___ at _____.
                                                                                                  Location

_____
Printed Name


_____
Signature

Exhibit A